FINKELSTONE et al. v. LANZKY.

(Supreme Court, Appellate Term.   November 24, 1908.)

APPEAL AND ERROR (§ 1177*)—DETERMINATION—REVERSAL.
    The evidence being so unsatisfactory that it is difficult to understand the real situation between the parties, a new trial will be awarded.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4599; Dec. Dig. § 1177.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Meyer Finkelstone and another, doing business as the Eclipse Cutlery Company, against Gustave Lanzky, doing business as the Knickerbocker Hardware Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Julius D. Tobias, for appellant.

PER CURIAM.   The plaintiffs were doing business with the defendant during the year 1907 and up to January, 1908, consisting of purchases made by defendant from plaintiffs, and the complaint also refers to a certain promissory note, upon which, however, no cause of action appears to be claimed. On January 18, 1908, the defendant assigned to Packard & Co. an unliquidated claim of $228 against the plaintiffs, the validity of which the plaintiffs deny. Packard & Co. brought action against the plaintiffs on this claim in the Municipal Court on the 26th day of March, 1908, and recovered judgment against the plaintiffs herein upon the assigned claim for the amount of $253.40, which judgment of Packard & Co. plaintiffs have paid. The damages alleged to have been suffered, and for which the plaintiffs in this action sue the defendant, who is the assignor of Packard & Co., consists (1) of the money, actually recovered by Packard & Co. under the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

judgment; and (2) commercial credit of plaintiffs alleged to have been lost by reason of that judgment. In the complaint plaintiffs claim that the defendant owes them $750, which claim they reduced to $500 so as to come within the jurisdiction of the Municipal Court. At the end of the entire case plaintiffs' counsel said:

"I ask for a judgment here on the basis of $253.40, judgment [of Packard & Co.] which has been paid, less the amount of $41.01, which plaintiffs owed to defendant; and also for whatever amount your honor sees fit to allow for damages to the creditors"

—apparently meaning loss of credit to plaintiffs arising from the Packard & Co. judgment. The court gave plaintiffs $312.39 damages and $29.72 costs, presumably allowing the difference between the Packard judgment of $253.40 and defendant's conceded right to a credit of $41.01—i. e., $212.39—and adding thereto $100 for loss to plaintiffs' credit. In support of this last claim the evidence is extremely meagre and weak, while plaintiffs' collateral attack upon the Packard judgment seems at least open to grave doubt. The entire evidence is so very unsatisfactory that it is extremely difficult to arrive at a correct appreciation of the real situation existing between the parties herein. The interests of justice will best be served by granting a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.